**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court, Southwest District,
Torrance, No. YC 067751

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRTRONIX, INC. et al., | Case No. 2:12-cv-9425-ODW(PJWx) |
| Plaintiffs, | **REMAND ORDER** |
| v. | |
| AMERICAN GREETINGS CORP. | |
| Defendant. | |

  Having carefully considered Defendant's notice of removal, the Court determines that it lacks subject-matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles County Superior Court.

  Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

  The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). And if there is any doubt, remand is favored—the removal statute must be strictly construed and "jurisdiction must be rejected." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, Defendant claims that this Court has subject-matter jurisdiction over this state-law misappropriation and breach of contract action because there is diversity jurisdiction. (Notice of Removal ¶ 9.)

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). And where a plaintiff does not specify a dollar figure in the state-court complaint, the removing defendant must provide evidence establishing—by a preponderance of the evidence—that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Evidence the court may consider here includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). And where injunctive or declaratory relief is requested, the amount in controversy is based on the "value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

In the underlying state-court complaint, Plaintiffs seek—among other things—compensatory damages, injunctive relief, punitive damages, attorney's fees, and disgorgement of all improper profits. (Compl. 18.) Yet Plaintiffs do not allege a specific amount of damages—they only assert that damages exceed $25,000. (Compl. ¶ 16.) Based on this pleading, Defendant must demonstrate to the Court, using facts and evidence, that the amount in controversy exceeds not just $25,000, but $75,000.

Defendant aptly notes that attorney's fees may be included in the amount-in-controversy calculation. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes . . . attorney's fees, if authorized by statute or contract."). And even including Plaintiffs' requested injunctive relief, Defendant provides no facts supporting its contention that over $75,000 is at stake, other than citing to Plaintiffs' allegations of trade secret misappropriation and breach of contract. What is missing are facts and evidence demonstrating the value of

damages (or injunctive relief) arising from the misappropriation. For instance, Defendant can estimate the quantity of greeting cards it sold that may use the allegedly misappropriated design; and multiply that quantity by the average retail price of those cards to result in the value of the litigation.

But this Defendant does not do. Instead, Defendant provides only broad, sweeping facts that give little guidance to this Court to ascertain the value of this litigation. And Defendant's conclusory inclusion of attorney's fees and injunctive relief in the calculation likewise provides no concrete data that the Court can use to determine the amount in controversy. For the above reasons, the Court **REMANDS** the case to Los Angeles County Superior Court for lack of subject-matter jurisdiction. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

November 26, 2012

_____
           **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**